# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM, | 1:12-cv-01340-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION FOR REMAND BE DENIED (Doc. 10.) |
| v. | |
| MANAGEMENT & TRAINING CORP., et al., | |
| | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | |

## I.   RELEVANT PROCEDURAL HISTORY

This is a civil action filed by John Michael Crim ("Plaintiff"), a federal prisoner proceeding pro se.  This action was initiated by civil complaint filed by Plaintiff in the Kern County Superior Court on June 12, 2012 (Case #S-1500-CV-276883-WDP). (Doc. 2-2 at 8-30.) On August 16, 2012, defendants Management & Training Corp., Adler, Stewart, Mann, Patrick, Logan, McBride, and Sy ("Removing Defendants") removed the case to federal court by filing a Notice of Removal pursuant to 28 U.S.C. § 1441(a) (federal question).  (Doc. 1.)

On August 23, 2012, Plaintiff filed an opposition to the Notice of Removal, which the Court treats as a Motion for Remand.  (Doc. 10.)  The Removing Defendants have not filed a response.

## II. REMOVAL AND REMAND

*Removal*

With exceptions not relevant here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This court has original jurisdiction over actions brought pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1331.

Removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). Removal statutes are strictly construed. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir.1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, (1913); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir.1976); La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 346 (3d Cir.1974), cert. denied, 421 U.S. 937 (1975).

*Remand*

A plaintiff objecting to the removal may file a motion asking the district court to remand the case to state court. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996). The Court may remand an action for lack of subject matter jurisdiction or for any defect in the removal procedures. 28 U.S.C. § 1447(c). A plaintiff may move for remand when removal to federal court was procedurally

defective, although procedural defects do not necessarily deprive the court of subject matter jurisdiction. Id. A motion to remand the case for procedural defects in the removal must be made within 30 days after the removal notice is filed in federal court. Id.; Northern Calif. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co. (9th Cir. 1995) 69 F3d 1034, 1038.

Removal statutes are construed restrictively, so as to limit removal jurisdiction, and doubts as to removability are resolved in favor of remanding the case to the state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Gaus, 980 F.2d at 566. On plaintiff's motion for remand, the defendant seeking removal of the action to federal court has the burden of establishing grounds for federal jurisdiction in the case. Id. The defendant also has the burden of showing that it has complied with the procedural requirements for removal. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

### III.   PLAINTIFF'S MOTION FOR REMAND

Plaintiff argues that this case should be remanded to the Kern County Superior Court, based on the U.S. Supreme Court's decision in Minneci v. Pollard, 132 S.Ct. 617 (2012). Plaintiff argues that the Minneci Court "decided that a federal prisoner must first exhaust his available state remedy prior to bringing a claim against a corporation." (Motion, Doc. 10 at 22-25.)

**Discussion**

Plaintiff misreads Minneci. The issue before the U.S. Supreme Court in Minneci was whether a Bivens remedy[1] is available to "a federal prisoner seek[ing] damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law." Minneci, 32 S.Ct. at 626. The Court held that a Bivens remedy cannot be implied in such a case, and the prisoner "must seek a remedy under state tort law." Id. Plaintiff interprets the Court's opinion to require federal prisoners to exhaust state remedies before bringing an action in federal court against a corporation, but the Court in Minneci

---

[1] In [Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971)], the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).

3

did not make, or imply, such a holding.  The Court in <u>Minneci</u> decided that federal prisoners cannot bring a <u>Bivens</u> action for violation of the Eighth Amendment against employees of a privately operated federal prison, when the conduct is of a kind that can be addressed by traditional state tort law.  <u>Minneci</u> is distinguishable from Plaintiff's case.  Whereas the plaintiff in <u>Minneci</u> attempted to bring an Eighth Amendment claim, Plaintiff's Complaint in this action alleges violations of the First, Fifth, and Fourteenth Amendments, but not the Eighth Amendment. (Complaint, Doc. 2.) Thus, the Court's holding in <u>Minneci</u> is not applicable to Plaintiff's case.

As stated above, removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of plaintiff's complaint.  <u>Gully</u>, 299 U.S. at 112.  Plaintiff's Complaint enumerates eight causes of action: (1) "Fifth Amendment Due Process - Threat & Coercion", (2) "Fourteenth Amendment Violation - Loss of Privilege," (3) "Civil Right Violation [under 42 U.S.C. § 1983] - Discrimination, (4) "Civil Rights Violation [under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments] - Threat to Loss of Liberty," (5) "Fifth Amendment Violation - Loss of Property/Fear of Transfer," (6) "Civil Rights Violation [under 42 U.S.C. § 1985] - Conspiracy to Deprive, (7) "First Amendment Violation - Freedom of Expression," and (8) "False Imprisonment." (Complaint, Doc. 2-2 at 16, 17, 20, 21, 22, 24, 25.)  Because Plaintiff specifically cites the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, and federal statutes 42 U.S.C. § 1983 and 42 U.S.C. § 1985, as the basis of seven of his claims, the Court finds that the federal court has jurisdiction over the Complaint, and the removal was proper. Accordingly, Plaintiff's motion for remand should be denied.

## IV.    REQUEST FOR CLARIFICATION

Plaintiff requests an explanation of  "new case numbers having been incorporated in [his] recent filings," asserting that he does not recognize case numbers 1:12-cv-1340-GSA or 1:12-at-00545. (Motion, Doc. 10 at 2.)  Plaintiff is advised that 1:12-cv-01340-GSA-PC is the case number assigned to the present case, and 1:12-at-00545 is a preliminary case number which was administratively used by the Clerk to designate the present case before docketing. The parties should only refer to case number 1:12-cv-01340-GSA-PC when referring to the present case.

///

V.      RECOMMENDATION AND CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for remand, filed on August 23, 2012, be DENIED.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 22, 2013**                    /s/ **Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE