UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

JOHN MICHAEL CRIM,

    Plaintiff,

vs.

MANAGEMENT & TRAINING CORP., et al.,

    Defendants

Case No. 1:12 cv 001340 AWI GSA PC

ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

AMENDED COMPLAINT DUE IN THIRTY DAYS

**I.**    <u>**Screening Requirement**</u>

Plaintiff is a former federal prisoner proceeding pro se and in forma pauperis in this civil rights action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, formerly an inmate in the custody of the U.S. Bureau of Prisons at the Federal Correctional Institution at Taft, California, brings this civil rights action against defendant Management and Training Corporation, as well as individuals employed by Management and Training Corp. at FCI Taft. Plaintiff claims that while housed at Taft, he was denied adequate access to legal materials.

Plaintiff specifically alleges that FCI Taft's law library is deficient because it does not have a complete set of California case law reports. Plaintiff refers to a case that he is litigating in state court which defense counsel filed a demurrer, referencing state law. Plaintiff contends that this places him at an unfair disadvantage.

### A.     Access to Courts

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to a state constitutional claim. Sands v.

Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element. Casey v. Lewis, 518 U.S. 343 (1996).

To establish a Bounds violation, prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim. Casey, supra, 518 U.S. 343, 347. The right of access does not require the State to "enable the prisoner to discover grievances" or to "litigate effectively once in court." The Casey court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim . . . Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, 518 U.S. at 346.

The Casey court encouraged local experimentation in various methods of assuring court access, including such approaches as "replac[ing] libraries with some minimal access to legal advice and a system of court-provided forms … [which] ask the inmates to provide only the facts and not to attempt any legal analysis." Id., at 346. Finally, Casey reminds lower courts that under Turner v. Safley, 482 U.S. 78 (1987), even where a prison regulation does impinge on inmates' constitutional rights, the regulation "is valid if it is reasonably related to legitimate penological interests." Id. at 348.

Here, the Court finds that Plaintiff has failed to allege facts indicating that he suffered actual injury within the meaning of Casey. Plaintiff refers to an action filed in state court, but he does not indicate that nature of that action, whether it challenged the condition of his confinement or the fact of his conviction. Further, there are no facts alleged indicating that

3

Plaintiff lost his case as a direct result of some conduct on the part of the named defendants. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.  Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d

at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 19, 2013**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

5