UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM,<br><br>             Plaintiff,<br><br>      vs.<br><br>MANAGEMENT & TRAINING CORP., et al.,<br><br>             Defendants. | 1:12-cv-1340-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION OF THE COURT'S SCREENING ORDER, WITH PREJUDICE<br>(Doc. 23.) |

**I.    BACKGROUND**

John Michael Crim ("Plaintiff") is a federal prisoner proceeding pro se.  This action was initiated by civil Complaint filed by Plaintiff in the Kern County Superior Court on June 12, 2012 (Case #S-1500-CV-276883-WDP).  (Doc. 2-2 at 8-30.)  On August 16, 2012, defendants Management & Training Corp., Adler, Stewart, Mann, Patrick, Logan, McBride, and Sy ("Removing Defendants") removed the case to federal court by filing a Notice of Removal pursuant to 28 U.S.C. § 1441(a) (federal question). (Doc. 1.)

The court screened the Complaint pursuant to 28 U.S.C. 1915A and entered an order on November 19, 2013, dismissing the Complaint for failure to state a claim, with leave to file an amended complaint within thirty days.  (Doc. 20.)  On December 12, 2013, Plaintiff filed a response to the court's screening order, which the court construed as a motion for reconsideration of the screening order.  (Doc. 21.)  On December 17, 2013, the court denied the

motion for reconsideration and ordered Plaintiff to comply with the screening order within thirty days. (Doc. 22.)

On January 2, 2014, Plaintiff filed a second response to the court's screening order, which the court construes as a second motion for reconsideration of the screening order. (Doc. 23.)

## II.   MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

///

## III. DISCUSSION

Plaintiff argues that, based on this court's rulings in Plaintiff's related cases, this court lacks jurisdiction to order Plaintiff to file an amended complaint and should remand the case to the superior court. Plaintiff alternatively argues that "if this court insists it has jurisdiction," the court may not properly move sua sponte for dismissal, because defendants are the proper party to raise issues of the questionable merits of the case. (Motion, Doc. 23 at 1.) Plaintiff also argues that a Bivens action may be brought against a contract prison facility; that a claim of constitutional right violation is a cognizable claim; that the term "state" encompasses a federal action taken under the color of federal law; that liability under § 1983 may ensue even though the person sued has no intent to deprive the plaintiff of a federal right; and that the term "government" is defined as any other person "acting under color of law." (Id. at ¶¶2-6.)

In the screening order of November 19, 2013, the court dismissed Plaintiff's complaint for failure to state a cognizable access-to-courts claim because Plaintiff failed to show that deficiencies in his prison's law library caused him "actual injury" as defined by the Supreme Court in Casey v. Lewis, 518 U.S. 343 (1996). Plaintiff fails to address this issue. With respect to Plaintiff's request for the court to remand this case to the superior court, this issue was resolved by the court's order of March 22, 2013, which denied Plaintiff's prior request for remand. (Doc. 17.) Plaintiff's arguments do not appear to address any of the analysis found in the screening order. Plaintiff has not presented any new evidence to the court, notified the court of an intervening change in the controlling law, nor shown that the court committed clear error. Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied, with prejudice.

As Plaintiff was previously advised, if he disagrees with the court's screening order, his remedy at this stage of the proceedings is to file a First Amended Complaint clearly and succinctly stating the allegations and claims upon which he wishes to proceed. Plaintiff was forewarned in the screening order that if he does not file an amended complaint, the court will

///

recommend that this case be dismissed with prejudice, for failure to state a claim. (Doc. 20 at 5 ¶5.)

**IV. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's second motion for reconsideration of the court's screening order, filed on January 2, 2014, is DENIED, with prejudice.

IT IS SO ORDERED.

Dated: **January 3, 2014**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE